IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIAHN TESSIER-ESCALANTE,                         6:15-CV-00124-BR

            Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

            Defendant.


ALAN STUART GRAF
208 Pine St.
Floyd, VA 24091
(540) 745-2519

            Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

DAVID MORADO
Regional Chief Counsel
ERIN F. HIGHLAND
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-2495

            Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Diahn Tessier-Escalante seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.

This matter is now before the Court on Plaintiff's Complaint in which she seeks review of the Commissioner's decision and (2) the Commissioner's Motion to Remand (#15) for further administrative proceedings on the grounds that the Administrative Law Judge (ALJ) Marilyn Mauer erred when she failed to develop the record and ALJ John Michaelson erred when he failed to address the opinion of Darryl George, D.O.

Following a review of the record, the Court **REVERSES** the Commissioner's decision, **GRANTS as modified** the Commissioner's Motion to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for DIB and SSI on

2 - OPINION AND ORDER

January 14, 2011.  Tr. 208, 215.[1]  Plaintiff alleged a disability onset date of August 31, 2009.  Her applications were denied initially and on reconsideration.  ALJ Mauer held a hearing on January 25, 2013.  ALJ Michaelson held a supplemental hearing on May 14, 2013.  Tr. 34, 75.  Plaintiff testified at the first hearing.  Plaintiff and a vocational expert (VE) testified at the second hearing.  Plaintiff was represented by an attorney at both hearings.

On May 30, 2013, ALJ Michaelson issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 8-16.  On November 21, 2014, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on August 8, 1968.  Tr. 208.  Plaintiff was 44 years old at the time of both hearings.  Plaintiff has a high-school diploma and two years of college.  Tr. 82.  Plaintiff has past relevant work experience as "a secretary and school secretary."  Tr. 15.  Plaintiff alleges disability due to chronic lower-back pain status post-lumbar laminectomy and fusion,

---

[1] Citations to the official transcript of record filed by the Commissioner on July 9, 2015, are referred to as "Tr."

3 - OPINION AND ORDER

hernia, and anxiety.  Tr. 10-11.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 13-14.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,

at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in

substantial gainful activity since her August 31, 2009, alleged onset date.  Tr. 10.

At Step Two the ALJ found Plaintiff has the severe impairment of chronic lower-back pain status post-lumbar laminectomy and fusion.  Tr. 10.  The ALJ found Plaintiff's hernia is nonsevere and Plaintiff's anxiety is not an impairment. Tr. 11.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform "a range of light work" with no more than occasional stooping, kneeling, crouching, crawling, or climbing.  Tr. 12.

At Step Four the ALJ concluded Plaintiff could perform her past relevant work as "a secretary and school secretary." Tr. 15.

The ALJ made an alternative Step Five finding that Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 15.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends ALJ Mauer erred when she failed to develop the record and ALJ Michaelson erred when he

(1) improperly rejected Plaintiff's testimony; (2) found at Step Two that Plaintiff's anxiety is not an impairment; and (3) failed to address the opinion of treating physician Darryl George, D.O.

In her Motion to Remand the Commissioner concedes ALJ Michaelson erred when he failed to address Dr. George's opinion. The Commissioner moves the Court to remand this matter for further proceedings on that issue.

## I.    The ALJs erred with respect to Dr. George's opinion.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

On January 9, 2013, Dr. George completed a Spine Medical Source Statement in which he diagnosed Plaintiff with chronic "lumbar pain, right sciatica, degenerative disc disease, degenerative joint disease, grade I arteriosclerosis L5 -S1, post symptoms L5-S1 Surgery, Anxiety, and Insomnia." Tr. 387. Dr. George opined Plaintiff could sit for four hours in an eight-

hour work day for 30 minutes at a time, could stand for less than two hours in an eight-hour work day for 20 minutes at a time, would be "off task" for 20 percent of the time during an eight-hour work day, and was likely to miss more than four days of work per month. Tr. 387-90.

At the first hearing ALJ Mauer noted:

> I'm looking at Dr. George's RFC, which I can give no credence whatsoever because I looked up every single symptom that the doctor listed as the basis for the RFC, and I couldn't find any of them in his records except for let's see. I made a note here. All right. He listed things like abnormal gait swelling, muscle weakness, tenderness, and (INAUDIBLE) muscles. He didn't record any of these things in his notes.

> * * *

> Dr. George's notes consistently just say steady gait. . . . I just don't - I mean, there is - some of them are barely legible.

Tr. 96-97. ALJ Mauer, therefore, sent Plaintiff for an "orthopedic CE . . . with a PCE" and scheduled a supplemental hearing to take place after completion of those examinations. Tr. 97-98. ALJ Mauer, however, failed to further develop the record to determine the basis of Dr. George's opinion in light of the fact that some of Dr. George's notes were "barely legible."

ALJ Michaelson, in turn, failed to address Dr. George's opinion and did not include Plaintiff's limitations as set out by Dr. George in his assessment of Plaintiff's RFC or in his finding that Plaintiff could perform her past relevant work.

10- OPINION AND ORDER

As noted, Defendant concedes ALJ Michaelson erred when he failed to address Dr. George's opinion in his May 30, 2013, opinion.  The Court agrees.

On this record, therefore, the Court concludes ALJ Mauer erred when she failed to seek further development of the record to determine the basis of Dr. George's January 2013 opinion and ALJ Michaelson erred when he failed to address Dr. George's opinion.

**II.  This matter is remanded for further proceedings.**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully

developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted, the Court has concluded ALJ Mauer erred when she failed to develop the record to determine the basis for Dr. George's opinion and ALJ Michaelson erred when he failed to address the opinion of Dr. George. The record, however, contains medical evidence that may contradict Dr. George's opinion. For example, examining physician Andrea Marshall, D.O., opined in March 2013 that Plaintiff was capable of a range of medium work. Tr. 444-46. Dr. Marshall found Plaintiff can perform "all gait maneuvers appropriately," and she has 5/5 strength" in her upper and lower extremities. *Id.* Accordingly, remand is necessary to resolve these potentially conflicting opinions.

12- OPINION AND ORDER

In addition, Plaintiff also asserts ALJ Michaelson erred
when he improperly rejected Plaintiff's testimony and when he
found at Step Two that Plaintiff's anxiety is not an impairment.
The ALJ found Plaintiff's testimony as to the intensity,
persistence, and limiting effects of her symptoms was not
entirely credible based, at least in part, on the perceived lack
of medical evidence supporting Plaintiff's testimony.  Because
ALJ Michaelson failed to address Dr. George's opinion, which, at
least in part, appears to support some of Plaintiff's alleged
limitations, the Court cannot determine whether consideration of
Dr. George's opinion would alter the ALJ's conclusions as to the
credibility of Plaintiff's testimony.

Similarly, ALJ Michaelson concluded at Step Two that
Plaintiff's anxiety is not a medically-supported impairment
because "the record does not contain any medical evidence to
support her subjective complaints." Tr. 11.  Dr. George,
however, noted in his January 2013 opinion that Plaintiff
suffered from anxiety.  It is not clear on this record,
therefore, whether ALJ Michaelson considered Dr. George's opinion
in reaching his conclusion at Step Two.

Accordingly, the Court remands this matter for further
development of the record and evaluation of Dr. George's opinion,
reassessment of the severity of Plaintiff's alleged impairments,
reevaluation of Plaintiff's testimony, reassessment of

Plaintiff's RFC, and reconsideration of Plaintiff's ability to perform her past relevant work and/or other work in the national economy.

<u>CONCLUSION</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner, **GRANTS as modified** the Commissioner's Motion (#14) to Remand for further administrative proceedings, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 26th day of April, 2016.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


14- OPINION AND ORDER